# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HUMBERTO MAGANA-TORRES, | No. 2:10-CV-2669-WBS-DMC-P |
| Petitioner, | |
| v. | ORDER |
| KELLY HARRINGTON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Final judgment was entered on July 6, 2012 (Doc. 32) and petitioner's appeal from that judgment has been dismissed by the Ninth Circuit Court of Appeals for lack of jurisdiction (Doc. 37) because petitioner raised issues not encompassed by the district court's certificate of appealability and the appellate court declined to expand the certificate of appealability to encompass the issues raised by petitioner. Pending before the court is petitioner's motion (Doc. 39) for relief from the court's July 6, 2012, judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing

1

party.  See Fed. R. Civ. P. 60(b)(1)-(3).  A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).  Under Rule 60(b), the court may also grant reconsideration based if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief.  See Fed. R. Civ. P. 60(b)(4)-(6).  A motion for reconsideration on any of these grounds must be brought "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

According to petitioner, "extraordinary circumstances" exist for granting relief under Rule 60(b)(6), specifically an intervening change in the law.  Petitioner asserts the California Supreme Court announced a change in law in 2014 in People v. Chiu, 59 Cal. 4th 155 (2014).  Thus, petitioner was aware, or should have been aware, of the basis of his Rule 60(b)(6) argument in 2014.  The court finds petitioner did not file the instant motion within a "reasonable time," having waited approximately four years since Chiu was decided.  For this reason, petitioner's motion under Rule 60(b)(6) is denied.   To the extent the court were to consider petitioner's motion under Rule 59(e), it would likewise be untimely because it was not filed within 28 days of the date of entry of judgment.

IT IS THEREFORE ORDERED that petitioner's motion for relief from judgment (Doc. 39) be, and the same hereby is, DENIED.

Dated:  March 1, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2